IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARRYL L. WARNICK, | § | |
| | § | No. 17, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1203011242 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 31, 2017
Decided: March 20, 2017

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## O R D E R

This 20th day of March 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, the appellant's response to the State's contention that this appeal should be dismissed as untimely filed, and the Superior Court record, it appears to the Court that:

(1) On January 10, 2017, the appellant, Darryl L. Warnick, filed this appeal from the Superior Court's order dated December 8, 2016, denying his motion for correction of sentence. As a preliminary matter, we address the State's contention that the appeal should be dismissed as untimely filed.

(2) Under Supreme Court Rule 6, a notice of appeal in any postconviction proceeding must be filed within thirty days after entry upon the docket of the order from which the appeal is taken.[1] In this case, because the December 8 order on appeal was added to the court docket on December 27, 2016,[2] we conclude that Warnick's notice of appeal was timely filed on January 10, 2017.

(3) The record reflects that Warnick was indicted in May 2012 for eighty-six offenses: two counts of child abuse; forty counts of rape in the second degree; two counts of continuous sexual abuse of a child; forty counts of unlawful sexual contact in the second degree; and two counts of endangering the welfare of a child. On May 24, 2012, Warnick pled guilty to two counts of rape in the second degree and was sentenced to a total of twenty-three years at Level V followed by probation. In exchange for Warnick's guilty plea, the State entered a *nolle prosequi* on the other eighty-four counts in the indictment.

(4) Warnick did not file a direct appeal from his guilty plea conviction and sentence. He did, however, filed a motion for postconviction relief under Superior Court Criminal Rule 61. Warnick's postconviction motion was referred to a Superior Court Commissioner. On October 25, 2013, the Commissioner issued a report recommending that the motion was without merit and should be

---

[1] Del. Supr. Ct. R. 6(a)(iv).
[2] *See* docket at 53, *State v. Warnick*, Del. Super, Cr. ID No. 1203011242 (Dec. 27, 2016) (order).

2

denied. By order dated October 16, 2015, a Superior Court Judge adopted the report and denied Warnick's motion for postconviction relief.[3]

(5) On November 29, 2016, Warnick filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). By order dated December 8, 2016, the Superior Court denied the motion. This appeal followed.

(6) It is well-established that the grounds for a motion seeking a correction of sentence under Rule 35(a) must be limited to alleged errors within the sentence itself.[4] In his opening brief on appeal, Warnick claims, as he did in his motion, that his sentence is illegal because the State had insufficient evidence to indict him for the two counts of second degree rape that formed the basis of his guilty plea.

(7) Warnick's attempt to use a motion for correction of sentence as a means to challenge his indictment is outside the limited scope of Rule 35(a).[5] The narrow function of Rule 35(a) is to "permit correction of an illegal sentence, not to

---

[3] *State v. Warnick*, 2015 WL 6324576 (Del. Super. Oct. 16, 2015). The record reflects that in the two-year period between the Commissioner's report and the Superior Court's order denying Warnick's postconviction motion, Warnick was appointed counsel to represent him on appeal from the Commissioner's report. After reviewing the case, Warnick's counsel filed a motion to withdraw and supporting memorandum, and Warnick filed a response. By order dated October 7, 2015, the Superior Court granted counsel's motion to withdraw.

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[5] *Accord Miller v. State*, 2017 WL 747758 (Del. Feb. 24, 2017) (determining that the defendant's "claims of innocence, improper charging, and illegal seizure of evidence were not properly raised in a motion for correction of sentence and were simply [his] attempt to avoid the procedural bars of Superior Court Criminal Rule 61").

3

re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[6]  Having concluded that Warnick is not entitled to relief under Rule 35(a), the Court will affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).